OPINION
On January 26, 1999, SM AM, Inc. ("SM AM") filed an application for a new class C-1 liquor permit with the Ohio Department of Commerce, Division of Liquor Control ("division"). SM AM owns a Marathon gas station in Cleveland, Ohio and sought the C-1 permit in order to sell carry-out beer at the gas station. The Cleveland City Council filed an objection to issuance of the permit. After a hearing, the hearing officer recommended that the objection be sustained.
On June 17, 1999, the division rejected SM AM's application for a C-1 permit pursuant to R.C. 4303.292(A)(2)(c) and (B)(2). SM AM filed an appeal with the Ohio Liquor Control Commission ("commission"). On November 16, 1999, the commission held a hearing. On November 30, 1999, the commission affirmed the division's rejection of SM AM's application.
SM AM appealed to the Franklin County Court of Common Pleas pursuant to R.C. 119.12. On October 11, 2000, the common pleas court rendered its decision, finding the commission's order was supported by reliable, probative and substantial evidence and was in accordance with law.
SM AM (hereinafter "appellant") has appealed to this court, assigning the following error for our consideration:
 THE TRIAL COURT ERRED IN FINDING THE ORDER OF THE OHIO LIQUOR CONTROL COMMISSION DENYING APPELLANT'S REQUEST FOR A C-1 LIQUOR PERMIT WAS SUPPORTED BY RELIABLE, PROBATIVE, AND SUBSTANTIAL EVIDENCE.
In reviewing the commission's order in an R.C. 119.12 appeal, a court of common pleas is required to affirm if the commission's order is supported by reliable, probative and substantial evidence and is in accordance with law. VFW Post 8586 v. Ohio Liquor Control Comm. (1998),83 Ohio St.3d 79, 81. Appellant's contentions center on the evidence. Appellant asserts the commission's order rejecting its application for a C-1 permit was not supported by reliable, probative and substantial evidence. An agency's findings of fact are presumed to be correct and must be given deference by a reviewing court unless that court determines that the agency's findings are internally inconsistent, impeached by the evidence of a prior inconsistent statement, rest on improper inferences or are otherwise unsupportable. Id.
While it is incumbent on the common pleas court to examine the evidence, this is not the function of the court of appeals. Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621. This court determines only if the common pleas court abused its discretion, which encompasses not merely an error of judgment, but perversity of will, passion, prejudice, partiality or moral delinquency. Id. Absent such an abuse of discretion, this court may not substitute its judgment for that of the agency or common pleas court. Id.
As indicated above, the commission rejected appellant's application for a C-1 permit pursuant to R.C. 4303.292(A)(2)(c) and (B)(2). Such provisions state:
 (A) The division of liquor control may refuse to issue * * * any retail permit issued under this chapter if it finds:
* * *
(2) That the place for which the permit is sought:
* * *
 (c) Is so located with respect to the neighborhood that substantial interference with public decency, sobriety, peace, or good order would result from the issuance * * * of the permit and operation thereunder by the applicant.
* * *
 (B) The division of liquor control may refuse to issue * * * any retail permit issued under this chapter if it finds:
* * *
 (2) That the number of permits already existent in the neighborhood is such that the issuance * * * of a permit would be detrimental to and substantially interfere with the morals, safety, or welfare of the public, and, in reaching a conclusion in this respect, the division shall consider, in light of the purposes of Chapters 4301., 4303., and 4399. of the Revised Code, the character and population of the neighborhood, the number and location of similar permits in the neighborhood, the number and location of all other permits in the neighborhood, and the effect the issuance * * * of a permit would have on the neighborhood.
Appellant contends the evidence raised only general and speculative concerns for the decline of the neighborhood surrounding the permit location and as to the effect of more permits in the area. Appellant also takes issue with the common pleas court's emphasis on the fact that this was a new permit application as opposed to a renewal application. Appellant contends this fact is irrelevant.
For the reasons that follow, we conclude that the common pleas court did not abuse its discretion in finding the commission's order was supported by reliable, probative and substantial evidence.
The permit premises is a Marathon gas station located at 14021 St. Clair Avenue in Cleveland. The intersection where the premises is located is a major thoroughfare with heavy traffic. The location surrounding the permit premises is mostly commercial/retail. There is a large industrial site across the street. There are residences in the neighborhood, although none abut the premises. There are four churches and three schools in the area, with the closest school being three blocks away. There is a daycare two blocks away. There are four liquor permit locations already in the area.
Cleveland City Councilman Roosevelt Coats testified at the November 16, 1999 hearing before the commission. Councilman Coats' office is across the street from the premises. He testified that there is nightly loitering in the parking lot of the premises, as well as in front of his office. Councilman Coats testified that drug sales occur in the parking lot of the premises.
Barbara Boxley, who has lived in the neighborhood since 1967, testified that she will not go to the gas station because it is too dangerous. Ms. Boxley lives about three blocks from the premises. She testified that there is a lot of "standing around" and loitering on the premises and that she has seen people "passing little packets around and little pills around and stuff." (Tr. 38, 41.) Ms. Boxley stated that the neighborhood has changed since the 1980's and that "the drugs [are] getting worse and worse and worse." Id. at 47-48.
Tony Davis lives about three blocks away from the premises and has lived in the area for twenty-nine years. He is a school guard and sees the premises everyday. He sees people hanging around the gas station nearly every day. He has seen drug sales in the area of the gas station. He tells the school students not to go to the gas station, but they go anyway.
Daniel Bernath, a sergeant with the Cleveland Police Department, testified about the number and type of "part one" crimes reported within 100 feet of the premises. Part one crimes are those the FBI requires be reported to it and includes mainly violent crimes and certain crimes involving property. Between January 1996 and November 15, 1999, there were thirty-five incidents within a 100-foot radius of the premises. The incidents reported included robbery, burglary, narcotics violations, vandalism, motor vehicle thefts and weapons violations. A homicide occurred on the premises in April 1992, prior to appellant owning the gas station.
Appellant has owned the gas station since July 1992. Appellant wishes to have a permit allowing carry-out beer sales, in part, so that it can compete with other gas stations that sell carry-out beer. Near the time of the hearing, appellant had spent almost $750,000 to renovate the gas station. The station has surveillance cameras. One of appellant's owners testified that if the loitering on the premises cannot be controlled, the police are called.
The above evidence indicates that the neighborhood surrounding the premises is a dangerous area already. In Our Place, Inc. v. Ohio Liquor Control Comm. (1992), 63 Ohio St.3d 570, the Supreme Court of Ohio upheld the rejection of a permit application for a premises located in close proximity to schools and a daycare. The area also included a number of other premises with liquor permits and experienced increased traffic. Id. The Supreme Court of Ohio stated that the language of R.C.4303.292(A)(2)(c) and (B)(1) makes it clear that the location of a proposed permit premises can be the only factor considered by the commission in deciding not to issue a permit. Id. at 573, note 4.
Almost directly on point is our recent case of Perry v. Ohio State Liquor Control Comm. (June 8, 2000), No. 99AP-976, unreported. In Perry, this court concluded that the common pleas court had not abused its discretion in finding the commission's order rejecting a C-1 permit application was supported by reliable, probative and substantial evidence. The grocery store in question was close to a high school, with students walking up and down the street, and a police officer had observed drug activity in the area. Forty-two crimes occurring within a 100-foot radius of the grocery store had been reported in an almost two and one-half year period. We noted the emphasis the Supreme Court of Ohio placed upon location in Our Place, Inc. We stated that the testimony concerning the frequency of reported crimes within one hundred feet of the premises, the evidence of the character of the neighborhood and the testimony that a liquor permit would only lead to additional criminal activity created a record such that the common pleas court did not abuse its discretion in affirming the denial of the permit application.
Appellant cites Service Station Holdings, Inc. v. Liquor Control Comm. (June 27, 1996), Franklin App. No. 96APE01-22, unreported; Woodie v. State of Ohio Liquor Control Comm. (Dec. 17, 1992), Franklin App. No. 92AP-691, unreported; and Monahan v. Liquor Control Comm. (March 6, 1990), Franklin App. No. 89AP-591, unreported, for the proposition that unsubstantiated fears and/or speculation regarding interference with public decency, sobriety, peace, good order, or public morals, safety or welfare does not constitute evidence supporting a rejection of a permit application. Indeed, in Service Station Holdings, Inc., this court stated that general, speculative evidence is insufficient to establish substantial interference with public decency, sobriety, peace and good order.
We do not find the evidence presented with regard to SM AM's application to be speculative. Numerous, actual criminal incidents have occurred within a 100-foot radius of the premises. Neighbors testified about the danger of the area and the drug activity on and near the premises. A liquor permit allowing carry-out beer would only contribute to the already declining condition of the area.
R.C. 4303.292(B)(2) specifically calls for consideration of the character of the neighborhood and the number of permits already in the neighborhood. In the case at bar, we have four permits already in the area. Schools, churches and a daycare are nearby. School children go to the gas station. Drug activity and other crimes occur on or near the premises.
Such evidence constitutes specific evidence supporting a finding that the issuance of the permit in question would substantially interfere with public decency, sobriety, peace, or good order and/or would be detrimental to and substantially interfere with the morals, safety, or welfare of the public. We note the common pleas court emphasized the fact that this was a new permit application. However, such emphasis was not necessarily error. The commission correctly points out that applications for renewal permits are treated differently than new permit applications in that a holder of a permit who seeks renewal thereof is entitled to the renewal, and the division shall renew the permit unless good cause for rejection is shown. R.C. 4303.271(A). See, also, Marwan, Inc. v. Ohio Liquor Control Comm. (1994), 93 Ohio App.3d 229.
As indicated above, there was sufficient evidence supporting the rejection of this new permit application pursuant to R.C. 4303.292(A)(2)(c) and/or (B)(2). Hence, the trial court did not abuse its discretion in determining the commission's order was supported by reliable, probative and substantial evidence. Accordingly, appellant's sole assignment of error is overruled.
Having overruled appellant's assignment of error, the judgment of the Franklin County Court of Common Pleas is affirmed.
 _________________ TYACK, J.
BRYANT, P.J., and BROWN, J., concur.